IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD COLE, | ) |
| Plaintiff, | ) 16 C 7845 |
| v. | ) |
| | ) Judge Virginia M. Kendall |
| MICHAEL LEMKE, et al., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On August 3, 2016, Plaintiff Richard Cole, an inmate at Stateville Correctional Center, filed a *pro se* action under 42 U.S.C. § 1983 against Warden Michael Lemke, Wexford Health Sources, Inc., Dr. Obasi, Medical Technician Shanel Barnett, Dr. Ann H. Davis and Nurse Jane Doe (collectively, Defendants) alleging that Defendants violated his Eight Amendment right to be free from cruel and unusual punishment. (Dkt. No. 1). On December 2, 2016, Plaintiff's appointed counsel filed a First Amended Complaint naming the same Defendants. (Dkt. No. 19). On December 20, 2017, Plaintiff's appointed counsel filed a Second Amended Complaint adding Bernadette Ononiwu as a named defendant for the first time, in substitution for Defendant Nurse Jane Doe. (Dkt. No. 83). On February 20, 2018, Defendant Ononiwu moved to dismiss Plaintiff's complaint with prejudice as to her on statute of limitations grounds. (Dkt. No. 94). For the following reasons, the Court grants Defendant Ononiwu's Motion to Dismiss [94] with prejudice.

## BACKGROUND

Plaintiff attached as exhibits to his Response to the Defendant Ononiwu's Motion to Dismiss a copy of his original *pro se* Complaint and attached exhibits (*see* Dkt. No. 99 at Ex. B),

a copy of his First Amended Complaint (*see id.* at Ex. C), a copy of his operative Second Amended Complaint (*see id.* at Ex. A), a copy of the Certificate of Service of Plaintiffs' Interrogatories and Requests for Production to Defendants dated July 10, 2017 (*see id.* at Ex. D), and a copy of Defendants' Objections and Responses thereto dated October 30, 2017 (*see id.* at Ex. A). The exhibits attached to Plaintiff's original *pro se* Complaint include six pages of medical records from June 11, 2013 and communications from the Illinois Department of Corrections (IDOC) Administrative Review Board (ARB) regarding a grievance Plaintiff filed related to the events described in his original Complaint. *See id.* at Ex. B. Both parties cite to some or all of these exhibits in their filings.

Generally, matters outside the pleadings may not be considered on a motion to dismiss. *See* Fed. R. Civ. P. 12(b). However, the Court can examine documents attached to a party's filing on the motion to dismiss if they are referred to in the plaintiff's complaint and are central to her claim. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993); Fed. R. Civ. P. 10(c). The medical records and the communications regarding Plaintiff's grievance are referred to in the Second Amended Complaint and are central to Plaintiff's claim. (*See* Dkt. No. 83 at ¶¶ 11, 22-33); *see also Anderson v. Randle*, 451 F. App'x 570, 571 (7th Cir. 2011) (medical records attached to the pleading incorporated into pleading as evidence of their existence but not necessarily their veracity); *Clark v. Law Office of Terrence Kennedy, Jr.*, 709 F. App'x 826, 827 (7th Cir. 2017) (considering previously filed administrative charges attached to Plaintiff's complaint at motion to dismiss stage).

The Court may also consider facts within its judicial-notice power. *See Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). A court may take judicial notice of facts "(1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or

capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Id.* at 773–74. Plaintiff does not dispute the accuracy of the records attached to his filing. In fact, most are public court documents. *See id.* at 774 (taking judicial notice of "facts readily ascertainable from the public court record and not subject to reasonable dispute"). The Court therefore considers all documents attached to Plaintiff's Response to Defendant Ononiwu's Motion to Dismiss in determining whether to dismiss Plaintiff's claim against Ononiwu as time-barred.

In his original Complaint, Plaintiff alleged that beginning May 6, 2013, Warden Lemke was indifferent to Plaintiff's health concerns by refusing to provide adequate winter coats to inmates of Stateville Correctional Center where he was imprisoned and that, as a result, Plaintiff caught a cold on or about June 4, 2013 that eventually developed into pneumonia. (Dkt. No. 83, Ex. B. at 4-5). The original Complaint alleged further that at or about 1:40 a.m. on June 11, 2013, Plaintiff began having trouble breathing and experienced severe pain in his lung, chest and ribs and was rushed to the Stateville healthcare unit where several nurses tried but could not determine what was wrong with him. (*Id.* at 5-6).

The original Complaint alleged that one nurse, who he identified as Nurse Jane Doe, administered medication and oxygen to Plaintiff as directed by Dr. Obasi, attempted to administer an EKG exam and, despite not being able to get the machine to work, eventually reported Plaintiff's EKG as normal. (*Id.* at 5). Plaintiff also alleged that he asked Nurse Jane Doe to tell to Dr. Obasi that he continued to have trouble breathing and experience severe pain but she failed to do so. (*Id.*) Plaintiff alleged that Nurse Jane Doe sent him back to his cell with a medical pass and that he was diagnosed with pneumonia later that day. (*Id.*). Plaintiff alleged that Nurse Jane Doe was deliberately indifferent to his serious medical needs. (*Id.*).

Plaintiff attached six pages of medical records to his original Complaint. (*Id.* at 16-21). The medical records include various entries with corresponding signatures, presumably made by medical health professionals. (*Id.*). Plaintiff also attached communications from the IDOC ARB responding to a grievance he filed related to the events described in his original Complaint. (*Id.* at 14-15). These documents show that the ARB reviewed Plaintiff's grievance, determined the issue raised was properly addressed and denied the grievance. (*Id.*) The IDOC Director signed off on the denial on August 8, 2014. (*Id.*).

The Court appointed counsel to represent Plaintiff on September 8, 2016 and Plaintiff's appointed counsel filed appearances in this case on September 12, 2016. (Dkt. Nos. 5, 7-8). On December 2, 2016, Plaintiff's appointed counsel filed a First Amended Complaint naming the same Defendants. (Dkt. No. 19; Dkt. No. 83, Ex. C). The First Amended Complaint added the sentence "Nurse Jane Doe's illegible signature appears on Cole's medical record for Jane Doe's treatment of Cole on June 11, 2013" but otherwise contained no new allegations regarding the identity of Nurse Jane Doe. (*Id.* at ¶ 7).

On July 10, 2017, eleven months after joining the case and seven months after filing the First Amended Complaint, Plaintiff's counsel issued Interrogatories and Requests for Production to the named Defendants. (*See* Dkt. No. 83, Ex. D). Interrogatory No. 11 of 16 directed Defendants to "Identify the full name, residence address and employer of Nurse Jane Doe, who was tasked with providing care and/or treatment to Plaintiff on June 11, 2013, as referred to in the Complaint, Paragraphs 23-35." (*Id.* at 6). Defendants' Responses and Objections, issued October 30, 2017, identified Bernadette Ononiwu as Nurse Jane Doe in response to Interrogatory No. 11. (*Id.*)

Defendant filed a Motion for Leave to File Second Amended Complaint on December 7, 2017, which the Court granted. (Dkt. Nos. 73, 81). On December 20, 2017, Plaintiff's counsel filed a Second Amended Complaint substituting Defendant Bernadette Ononiwu for Defendant Nurse Jane Doe. (Dkt. No. 83).

## DISCUSSION

Defendant Ononiwu argues in her Motion to Dismiss that Plaintiff's claim against her should be dismissed as time-barred because he failed to file the claim within the applicable statute of limitations and the claim does not relate back to his timely-filed original Complaint. (Dkt. No. 94). Defendant Ononiwu's Motion to Dismiss [94] is granted.

### I. Plaintiff failed to file a claim against Ononiwu within the applicable limitations period.

Failure to file a claim within the limitations period is an affirmative defense. Fed. R. Civ. P. 8(c)(1). "[A]lthough a plaintiff need not anticipate or overcome affirmative defenses such as those based on the statute of limitations, if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (affirming dismissal of Section 1983 claims on statute of limitations grounds) (citing *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir.2009)). The Court can dismiss a claim as time-barred if the complaint "plainly reveals that [the] action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *see also Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 320 (2017) ("[W]hen a complaint reveals that the action is untimely, the court can dismiss it."). "In other words, the plaintiff must affirmatively plead himself out of court." *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014).

"Federal law determines when a § 1983 claim accrues, but the statute of limitations is borrowed from state law." *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017). "The statute of limitations for § 1983 actions in Illinois is two years." *O'Gorman*, 777 F.3d at 889; *see also Ray v. Maher*, 662 F.3d 770, 773 (7th Cir. 2011) (applying Illinois' two-year limitations period for personal injury actions to plaintiff's Section 1983 claim); 735 Ill. Comp. Stat. 5/13-202. Under federal law, a "claim never accrues until the would-be plaintiff 'has a complete and present cause of action.'" *Wilson v. Illinois Dep't of Fin. & Prof'l Regulation*, 871 F.3d 509, 512 (7th Cir. 2017) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). The parties do not dispute that Plaintiff's claim against Ononiwu accrued at the latest on the date IDOC issued its final decision with respect to Plaintiff's grievance. (*See* Dkt. Nos. 95 at 3-4, 99 at 4); *see also Hoban v. Anderson*, 688 F. App'x 385, 388 (7th Cir. 2017) (inmate's Section 1983 claim accrued on the date he exhausted his grievance); *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008) ("[T]he limitations period [for a Section 1983 claim] is tolled while a prisoner completes the administrative grievance process.").

Plaintiff's pleading reveals the date that IDOC issued its final decision denying his grievance as August 8, 2014. *See Dole v. Chandler*, 438 F.3d 804, 807 (7th Cir. 2006) (IDOC Director's sign off is final decision with regard to inmate grievances); *see also Clark*, 709 F. App'x at 827 (court may consider previously filed administrative charges attached to Plaintiff's complaint at motion to dismiss stage). Therefore, Plaintiff had until August 8, 2016 to bring any Section 1983 claims related to the events described in his grievance against Defendant Ononiwu. Plaintiff failed to do so. Plaintiff did not file a claim against Ononiwu until he filed the Second Amended Complaint naming Ononiwu as a defendant on December 20, 2017, more than seventeen months after the limitations period expired.

Plaintiff argues that he timely filed a claim against Ononiwu in his original Complaint by attaching the medical records containing Ononiwu's signature. Plaintiff relies on *Fleming v. United States Postal Service*, in which the court refused to dismiss a *pro se* complaint where the plaintiff named the wrong defendant, "United States Postal Service AMF O'Hare," in the caption of the complaint but attached a right-to-sue letter explicitly naming the proper defendant, "Anthony M. Frank, Postmaster General." No. 90 C 2549, 1991 WL 58271, at *3 (N.D. Ill. Apr. 10, 1991). Plaintiff's reliance on *Fleming* is misplaced. In *Fleming*, the court found that the right-to-sue letter sufficiently identified the proper plaintiff because it clearly indicated that the Postmaster General was the intended defendant. 1991 WL 58271, at *3-4. A right-to-sue letter by its nature provides the facts and parties that will form the basis of the subsequent lawsuit. To the contrary, nothing about the medical records attached to Plaintiff's original Complaint clearly indicates that he intended to sue individuals identified in those records. Plaintiff argues that his original pleading made clear that Ononiwu was an intended defendant because it described Nurse Jane Doe as a nurse employed at Stateville when he went to the healthcare unit at 1:40 a.m. and attached a medical record containing Ononiwu's signature on the entry corresponding to his visit at 1:40 a.m. (Dkt. No. 99 at 5-6). But Plaintiff admits that Ononiwu's signature in the medical records is not legible. (Dkt. No. 83, Ex. C at ¶ 7.) So the attached records fail to clearly identify Ononiwu at all, much less as an intended defendant. If anything, Plaintiff's argument demonstrates only that he had sufficient information before the limitations period expired to investigate the identity of Nurse Jane Doe but failed to do so.

## II. Plaintiff's Second Amended Complaint Cannot Relate Back to His Original, Timely-Filed *Pro Se* Complaint

Plaintiff argues in the alternative that his claim against Ononiwu in the Second Amended Complaint relates back to his original Complaint. Fed. R. Civ. 15(c)(1) provides, in relevant part, that an amended pleading relates back to the date of the original pleading where:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted. . . [and] the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) *knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity*.

Fed. R. Civ. P. 15(c)(1)(C) (emphasis added). Rule 15(c)(1)(C) "permit[s] an amendment to relate back to the original complaint only where 'there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake.'" *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (quoting *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998)). "[T]he mistake requirement is independent from whether the purported substitute party knew that action would be brought against him." *Id.* (citing *Baskin*, 138 F.3d at 704).

Plaintiff fails to satisfy the mistake requirement. "Not knowing a defendant's name is not a mistake under Rule 15." *See Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008); *see also King*, 201 F.3d at 914 ("simple lack of knowledge of the identity of the proper party" is not a "mistake" within the meaning of Rule 15). Accordingly, "plaintiffs cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading." *Jackson*, 541 F.3d at 696; *see also Vance v. Rumsfeld*, 701 F.3d 193, 211 (7th Cir. 2012) (The Seventh Circuit "do[es] not permit relation back under Federal Rule of Civil Procedure 15(c)(1)(C) where the plaintiff simply did not know whom to sue."); *Baskin*, 138 F.3d at 704 (Plaintiff could not amend the complaint after the statute of limitations expired to add

officer as defendant because plaintiff "did not make a mistake concerning [officer]'s identity when he filed his original complaint; he simply did not know the identity of the police officer who pulled him over.").

Plaintiff did not make a mistake as to Ononiwu's identity; he simply did not know the identity of the nurse that treated him on June 11, 2013. Naming Nurse Jane Doe as a defendant does not change the analysis or toll the limitations period. *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006) ("[W]here a Plaintiff names a fictitious defendant like 'John Doe' because he does not know who harmed him . . . he has not made a 'mistake' concerning 'identity'" within the meaning of Rule 15.). Under the "John Doe rule," Plaintiff's claim against Ononiwu in the Second Amended Complaint cannot relate back to the date of the original Complaint and is time barred. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012) ("[O]nce the statute of limitations period expires, [the plaintiff] cannot amend his complaint to substitute a new party in the place of 'John Doe.'"); *see also, e.g., Terry v. Chicago Police Dep't*, 200 F. Supp. 3d 719, 726 (N.D. Ill. 2016) (relation back was improper where plaintiff "simply did not know the names of the individual officers"); *Henry v. City of Des Plaines*, No. 15 C 5617, 2015 WL 6407812, at *2 (N.D. Ill. Oct. 21, 2015) (amendment to add names of Unknown Officers after statute of limitations expired would not relate back).

Finally, Plaintiff argues that the Supreme Court's decision in *Krupski v. Costa Crociere S.p.A.* altered the breadth of Rule 15(c)(1)(C)(ii) such that the relation back doctrine applies to his claim against Ononiwu. 560 U.S. 538 (2010). In *Krupski*, the plaintiff filed a lawsuit against Costa Cruise, the sales and marketing agent of the proper defendant, Costa Crociere. *Id.* at 543. The plaintiff was aware that Costa Crociere existed but did not learn Costa Crociere was the proper defendant until after the statute of limitations expired. *Id.* at 543-44. The Eleventh

Circuit affirmed the district court's holding that the amended complaint did not relate back to the original complaint, finding that the plaintiff knew or should have known Costa Crociere was the proper defendant. *Id.* at 546. The Supreme Court, however, held that the focus of Rule 15(c)(1)(C)(ii) is "what the prospective *defendant* knew or should have known" and "not what the *plaintiff* knew or should have known" when filing the original complaint. *Id.* at 547 (emphasis in original). Applying this principle, the Supreme Court found that Costa Crociere should have known that the plaintiff's failure to name it as a defendant was due to a mistake concerning the party's identity and reversed the Eleventh Circuit's decision. *Id.* at 557.

*Krupski* involved a mistake of identity and was not a John Doe case. Additionally, the Seventh Circuit has not directly addressed the impact of *Krupski* on the John Doe rule. Regardless, Plaintiff fails to show Ononiwu knew or should have known that he would have named her as a defendant in his original Complaint but for some mistake, or even that Ononiwu knew or should have known about his original Complaint at all. Plaintiff claims Ononiwu was made aware of the allegations against her at the time he filed his original Complaint but offers no support whatsoever for this assertion. (Dkt. No. 99 at ¶ 25). Thus, Plaintiff's claim against Ononiwu is time-barred even under *Krupski*.

## CONCLUSION

For the reasons stated above, the Court grants the Defendant Ononiwu's Motion to Dismiss [95] with prejudice.

_____
Hon. Virginia M. Kendall
United States District Judge

Date: April 24, 2018