UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD COLE,<br><br>        Plaintiff,<br><br>      v.<br><br>MICHAEL LEMKE, WEXFORD HEALTH SOURCES INC., BERNADETTE ONONIWU, SALEH OBAISI, M.D., SHANEL BARNETT, ANN H. DAVIS, M.D.,<br><br>        Defendants. | No. 16 C 7845<br><br>Judge Virginia M. Kendall |

**WEXFORD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, WEXFORD HEALTH SOURCES, INC. ("Wexford"), GHALIAH OBAISI, as Independent Executor of the Estate of SALEH OBAISI, M.D. ("Dr. Obaisi"), and ANN DAVIS, M.D. ("Dr. Davis") (collectively, the "Wexford Defendants"), by and through their attorneys, Matthew H. Weller and Miguel E. Larios of CASSIDAY SCHADE LLP, pursuant to Fed. R. Civ. P. 56, and for their Motion for Summary Judgment, states as follows:

1. The Wexford Defendants hereby incorporate their Local Rule 56.1 Statement of Undisputed Material Facts ("DSOF") and their memorandum of law in support of their motion for summary judgment as if fully set forth herein. Said materials demonstrate that the Wexford Defendants are entitled to summary judgment in their favor.

1. Plaintiff, Richard Cole ("Plaintiff"), brings the above-captioned matter against Defendants pursuant to 42 U.S.C. § 1983 alleging certain violations of his constitutional rights. Specifically, Plaintiff complains of the adequacy of his medical treatment following his visit to

the Stateville Correctional Center ("Stateville") Health Care Unit on June 11, 2013. (Ex. B, at ¶¶ 22-33).

2. Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Though facts must be viewed in the light most favorable to the non-moving party at the summary judgment stage, this rule only applies if there is a "genuine" dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

3. A party opposing summary judgment must do more than identify "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (footnote omitted). The non-moving party may not defeat a motion for summary judgment by simply resting on its pleadings. *Association Ben. Services, Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007). Rather, Rule 56 requires the non-moving party to go beyond its pleadings and demonstrate the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

4. Summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) (quoting *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007)). For an issue to be genuinely in dispute, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Becker v. Tenenbaum-Hill Assoc., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990) (quoting *Anderson*, 477 U.S. at 249). A plaintiff must present sufficient evidence to show the existence of each

element of its case on which it will bear the burden at trial. *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995).

5. Correctional officials may not act with deliberate indifference to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Pittman ex rel. Hamilton v. Cnty. of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). Deliberate indifference has an objective and a subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The test of deliberate indifference is a significantly high burden for a plaintiff to overcome and the burden is on the prisoner to demonstrate deliberate indifference to a serious medical need or condition. *Roe v. Elyea* 631 F.3d 843, 857 (7th Cir. 2011).

6. Here, the undisputed medical record finds that the health care providers at Stateville promptly and continuously treated Plaintiff's medical complaints. Plaintiff cannot establish the elements of a deliberate indifference claim against either Dr. Obaisi or Dr. Davis based on their treatment for his pneumonia. Moreover, Plaintiff has no evidence that Wexford maintains an unconstitutional policy, procedure, or practice that caused him any injury. The evidentiary record here establishes that the Wexford Defendants' conduct did not rise to the level of a constitutional violation.

7. Deliberate indifference "is merely a synonym for intentional or criminally reckless conduct." *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991). Negligence, gross negligence, or even tortious recklessness is not enough. *Id*. Rather, deliberate indifference "implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent harm can be inferred from the defendant's failure to

3

prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). Unsuccessful medical treatment, neglect, nor medical malpractice is insufficient to support a claim for deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

8. Moreover, when considering whether care evidences deliberate indifference to a serious medical need, the Court must examine the totality of an inmate's medical care. *Dunigan v. Winnebago County,* 165 F.3d 587, 591 (7th Cir. 1999). A pattern of neglect must be evident in the record. *Id.*; *see also Gutierrez v. Peters*, 111 F.3d 1364, 1374-75 (7th Cir. 1997) (holding that isolated incidents of neglect during an otherwise continuous stretch of adequate medical care is insufficient to support an inference of deliberate indifference and a court must examine the entire record).

9. In order to infer the required culpability for a claim of deliberate indifference based on a medical professional's care, the medical decision must be "so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008) (citing *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006)).

10. An inmate is not entitled to demand specific care, nor the best care possible, but rather, he is entitled to reasonable measures to meet a substantial risk of serious harm to him. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). A medical professional is "entitled to deference in treatment decisions unless no minimally competent medical professional would have so responded under these circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008). Mere disagreement with a doctor's medical judgment does not amount to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010).

11. In the case at bar, Plaintiff has failed to present evidence that Dr. Obaisi or Dr. Davis' conduct departed from professionally accepted standards. Thus, they are entitled to summary judgment as a matter of law.

12. Lastly, Plaintiff's claim for punitive damages fails because he has not proven any set of facts that would allow him to recover punitive damages. In this regard, punitive damages may be awarded under 42 U.S.C. § 1983 only "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Schaub v. VonWald*, 638 F.3d 905, 922-23 (8th Cir. 2011). There is no evidence that Dr. Obaisi or Dr. Davis intended to cause the Plaintiff any harm. Because their conduct in this case does not exhibit the required callousness, Plaintiff's claim for punitive damages fails.

13. Plaintiff has failed to produce any evidence sufficient to show that the Wexford Defendants acted with deliberate indifference toward Plaintiff's medical needs. The level of proof required in a deliberate indifference claim is high and there is no set of facts through which a reasonable jury could find that the Wexford Defendants acted with constitutional deliberate indifference towards Plaintiff. Accordingly, the Wexford Defendants are entitled to judgment in their favor as a matter of law.

WHEREFORE, Defendants, WEXFORD HEALTH SOURCES, INC., GHALIAH OBAISI, as Independent Executor of the Estate of SALEH OBAISI, M.D., and ANN DAVIS, M.D., respectfully request that this Honorable Court enter an Order granting summary judgment in their favor and against Plaintiff, plus costs, and for such other relief that this Court deems just.

Dated: August 16, 2018 	Respectfully submitted,

*/s/ Miguel E. Larios*
Matthew H. Weller (ARDC No. 6278685)
Miguel E. Larios (ARDC No. 6301828)
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, Illinois 60606
(312) 641-3100
(312) 444-1669 – fax
mweller@cassiday.com
mlarios@cassiday.com

*Counsel for Defendants Wexford Health Sources, Inc., Ghaliah Obaisi, as Independent Executor of the Estate of Saleh Obaisi, M.D., and Ann Davis, M.D.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2018, I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

*/s/ Miguel E. Larios*